**United States District Court**
For the Northern District of California

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JUDE TRAZO, JENNA COFFEY, MARIANNA BELLI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NESTLÉ USA, INC.,

Defendant.

Case No. 5:12-cv-02272-PSG

**ORDER GRANTING PLAINTIFFS' MOTION TO SEVER**

**(Re: Docket Nos. 80, 81, and 82)**

Jude Trazo, Jenna Coffey and Marianna Belli ("Plaintiffs") move to sever this "misbranding" class action lawsuit[1] against Nestlé USA, Inc. ("Nestlé") into seven separate suits corresponding to the seven Nestlé products at issue.[2] The question before the court is whether severance of the Plaintiffs' claims into separate "per product" cases is permitted and ultimately wise under the provisions for severance set forth in Federal Rule of Civil Procedure 21.

[1] *See* Docket No. 75.

[2] *See* Docket No. 80.

United States District Court
For the Northern District of California

This question appears to be relatively novel, at least for this court, and after careful consideration of the parties' papers and arguments and the applicable law, the court GRANTS Plaintiff's motion to sever in accordance with the guidelines provided below.

**I. BACKGROUND**

Plaintiffs are California residents who purchased Nestlé's allegedly misbranded products. On May 4, 2012 Plaintiffs filed a class action suit specifically challenging Nestlé's Coffee-mate product and its "0g trans fat" labeling.[3] Nestlé moved to dismiss the complaint,[4] and in response Plaintiffs filed a First Amended Complaint ("FAC"), asserting not one but nine misbranding theories, all related to thirteen Nestlé products.[5] In response, Nestlé moved to dismiss the FAC[6] and separately moved to strike the class allegations.[7]

In an order dated August 9, 2013, this court determined that Plaintiffs' "class action suit involving nine unrelated theories" could not "as a matter of law be certified."[8] The court explained that the element of commonality was lacking and Plaintiffs' assertions that common questions of law and fact existed were too conclusory.[9] The court nevertheless gave Plaintiffs the option to file a Second Amended Complaint ("SAC").[10]

---

[3] *See* Docket No. 1.

[4] *See* Docket No. 22.

[5] *See* Docket No. 30.

[6] *See* Docket No. 40.

[7] *See* Docket No. 37.

[8] *See* Docket No. 74.

[9] *See id.*

[10] *See id.*

In response on September 2, 2013, Plaintiffs filed a SAC, which asserted six misbranding theories related to seven Nestlé products.[11] A few weeks later, on September 25, 2013, Plaintiffs sought leave of this court to sever the case into independent actions in order to clarify the issues presented in this case.[12] Nestlé opposed.[13] In their reply brief, Plaintiffs clarify that they seek severance of both the parties and the claims, such that the proposed severed cases and corresponding products would be arranged as follows: (1) Ms. Coffey and the Juicy Juice product including the apple flavor purchased by Ms. Coffey and the twelve other Juicy Juice flavors, (2) Mr. Trazo and the Coffee-mate product including the original flavor purchased by Mr. Trazo and the seven other flavors of Coffee-mate, (3) Ms. Belli and the Nestlé Eskimo Pie Dark chocolate product, (4) Ms. Belli and the Nesquik Chocolate Syrup product, (5) Ms. Belli and the Buitoni Alfredo Sauce product, (6) Ms. Belli and the Dreyer's "All Natural" Fruit Bars product including the strawberry flavor purchased by Ms. Belli and fourteen other flavors of Dreyer's "All Natural" Fruit Bars, and (7) Ms. Belli and the Nestlé Cocoa product including the Rich Milk Chocolate product purchased by Ms. Belli and the seven other flavors of Nestlé Cocoa.[14]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 21 states that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."[15] The court is given broad discretion to sever claims.[16] "Determination of a Rule 21(b) motion

[11] *See* Docket No. 75.

[12] *See* Docket No. 80.

[13] *See* Docket No. 81.

[14] *See* Docket No. 82.

[15] Fed. R. Civ. P. 21.

[16] *See United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977).

involves the sound discretion of the trial court."[17] "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it."[18]

"The application of Rule 21 involves considerations of convenience and fairness. It also presupposes basic conditions of separability in law and logic. In determining a Rule 21 motion the court will consider: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."[19]

## III. DISCUSSION

By their own admission, Plaintiffs' request to sever is unusual. What Plaintiffs seek is nothing less than a shattering into pieces of a case they brought as an integrated whole. Although this appears to be the first time the court has formally ruled on such a request in the context of one of the many food mislabeling cases filling its docket, it is not the first time a plaintiff has proposed this tool for case management in such a case.[20] In order to determine if severance is proper in this case, the court will consider the five factors cited in *Leslie*.

---

[17] *S.E.C. v. Leslie*, Case No. 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citing *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977)).

[18] *Id.* (citing *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 1976)).

[19] *Id.*

[20] *See Brazil v. Dole Food Co. Inc.*, Case No. 12-cv-01831 (N.D. Cal. Sept. 26, 2013); *Jones v. ConAgra Foods, Inc*., Case No. 12-cv-01633 (N.D. Cal.); *See also Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1148 (N.D. Cal. 2010).

United States District Court
For the Northern District of California

**A. Arising out of the same transaction or occurrence**

Plaintiffs claim that "each individual Plaintiff engaged in a separate 'series of transactions or occurrences' in purchasing the particular food products" at issue.[21] Nestlé concurs that the case involves "disparate issues – each requiring individual determinations" but urges that the proper solution to this dilemma "is to strike the class allegations or dismiss the action."[22] The court agrees with Nestlé that these disparate issues belong in different cases. However, the court disagrees with Nestlé that striking or dismissing would achieve anything more than what Plaintiffs already propose. Nestlé has cited to no authority that the struck allegation or dismissed claims could be eliminated with prejudice. And so, assuming Plaintiffs would pay the relatively modest filing fee for each new case addressing each unique claim, one way or another, Nestlé and this court will confront these claims. In any event, with respect to this first factor, it is clear that different transactions and occurrences are at issue with respect to each group of Plaintiffs and corresponding products and thus the claims do not arise out of the same transaction or occurrence.

**B. Common questions of law or fact**

Plaintiffs urge that the only unifying fact in this case is that the "Plaintiffs purchased misbranded Nestlé products."[23] As discussed in this court's August 9 order, each misbranding theory requires a "very different analysis to determine if the statements were false or misleading" dependent upon product packaging, product type, and nature of the claims asserted.[24] The court adheres to its reasoning from the August 9 order. While the claims against Nestlé might present

---

[21] *See* Docket No. 80.

[22] *See* Docket No. 81 at 5:9-5:12.

[23] *See* Docket No. 80.

[24] *See* Docket No. 74.

some common legal theories and questions of law other legal theories or questions will be distinct, and this mix weighs in favor of severance.

**C. Judicial economy**

Plaintiffs assert their motion for severance "is made for the purpose of managing the claims" in this case efficiently by allowing the court "to address the distinct issues presented" regarding labeling of each food product.[25] Further, Plaintiffs claim this will help "to streamline discovery and case management."[26] As the court has already noted, one way or another, both Nestlé and this court will see Plaintiffs' unrelated class allegations and claims. As the court sees it, with the Plaintiffs' class certification motion still several months out, it may as well keep these allegations and claims on the same track towards some disposition rather than sending them back to the depot only to begin the journey once again.

**D. Potential for prejudice**

Plaintiffs urge that severance will not prejudice Nestlé because the food products, parties, and attorneys will be the same and the only difference will be the assignment of new case numbers to each claim.[27] In its opposition, Nestlé highlights merely that Plaintiffs' suggestion to utilize Fed. R. Civ. P. 21 in the requested manner is without precedent because Rule 21 motions are traditionally filed by the defending party.[28] While precedent does show defendants filing most motions to sever, that same precedent shows that plaintiffs are not barred from seeking severance.[29]

---

[25] *See* Docket No. 80.

[26] *See id.*

[27] *See id.*

[28] *See* Docket No. 81.

[29] *See, e.g.*, *Hayden v. Wang*, Case No. 13-CV-03139-JST, 2013 WL 6021141 (N.D. Cal. Nov. 13, 2013); *see also Symantec Corp. v. Logical Plus, Inc.*, Case No. 06-7963 SI, 2009 WL 2905930 (N.D. Cal. Sept. 8, 2009); *CJ Inv. Servs., Inc. v. Williams*, Case No. 5:08-CV-5550 EJD, 2012 WL 547176 (N.D. Cal. Feb. 17, 2012).

United States District Court
For the Northern District of California

More importantly, Nestlé has not shown how it would be prejudiced from dealing with seven severed cases, any more than it would be in dealing with the one case now, and six new cases that would inevitably be filed in the event that the pending motion is denied.

**E. Evidentiary proof required for separate claims**

Plaintiffs assert that severance would allow the parties to "argue the merits of each case" without overlap.[30] Based on the unique facts surrounding each product, Plaintiffs allege that "depositions and written discovery in each case could be tailored to the specific products at issue."[31] Further, Plaintiffs explain that by dividing out the class representatives according to the product purchased, class members can join under each representative to ensure the class is ascertainable and the specific proof for each claim is obtained.[32] While some overlap is likely, the court agrees that because each product is unique, the majority of the evidentiary proof required to sustain claims for each product will likewise be unique. Severing Plaintiffs' case into seven separate cases will help streamline discovery and allow the parties to focus on the distinct evidence required to support each separate claim.

**IV. CONCLUSION**

The court grants Plaintiffs' motion to sever with some reservations. The court's reservations stem from the ordinary use of Rule 21 in dealing with misjoined defendants, not misjoined products of a single defendant. These reservations also stem from the fact that Plaintiffs created this situation by filing a complaint that plainly does not meet the standards set forth by the court in its detailed order just a short while ago. However, the court is most concerned with efficiently resolving Plaintiffs' claims for both the parties' sake and, frankly, its own. Because

---

[30] *See* Docket No. 80.

[31] *Id.* at 3:5-3:11.

[32] *See id.*

severance is clearly within the court's broad discretion under Rule 21, the court is prepared to take this step, no matter how unusual it appears to be.

In its opposition brief, Nestlé voiced concerns regarding how a severed action would proceed. The court acknowledges Nestlé's concern and provides the following guidance:

- No later than December 13, 2013, Plaintiffs shall sever their complaint into individual complaints for each of the seven product categories.
- The severed complaints shall be arranged as proposed by Plaintiffs and described above.
- Pursuant to Civ. L.R. 3-12, each of the severed cases is deemed related.
- The present case management schedule shall apply in each severed case.
- The parties shall meet and confer on any adjustments to the case management schedule and on briefing limits and other coordination of motions to dismiss, motions to strike, class contentions, and the like. Any stipulations shall be presented to the court in the form of a proposed order. Any other disputes shall be addressed at a further case management conference to be noticed by the parties.

IT IS SO ORDERED.

Dated: December 4, 2013

PAUL S. GREWAL
United States Magistrate Judge