1  Charles Barrett
   CHARLES BARRETT, P.C.
2  6518 Highway 100
   Suite 210
3  Nashville, TN 37205
   (615) 515-3393
4  charles@cfbfirm.com

5  *Attorney for Plaintiffs*

6  Carmine R. Zarlenga (D.C. Bar No. 286244)
   MAYER BROWN LLP
7  *czarlenga@mayerbrown.com*
   1999 K Street, N.W.
8  Washington, DC  20006-1101
   Telephone:  (202) 263-3000
9  Facsimile:   (202) 263-3300

10  *Attorney for Defendant*

11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14                         SAN JOSE DIVISION

15  JUDE TRAZO and MARIANNA BELLI,              Case No. 12-cv-02272 (PSG)
    individually and on behalf of all others
16  similarly situated,                         **AMENDED JOINT CASE**
                                                **MANAGEMENT STATEMENT AND**
17          Plaintiffs,                         **CASE SCHEDULING ORDER**

18  v.                                          | Date:  | March 25, 2014 |
                                                | Time:  | 9:00 |
19  NESTLÉ USA, INC.,                           | Place: | Courtroom 5, 4th Floor |
                                                | Judge: | Hon. Paul S. Grewal |
20          Defendant.

21
22

23  MARIANNA BELLI, individually and on         Case No. 14-cv-00283 (PSG)
    behalf of all others similarly situated,
24                                              **AMENDED JOINT CASE**
            Plaintiff,                          **MANAGEMENT STATEMENT AND**
25                                              **CASE SCHEDULING ORDER**
    v.
26                                              | Date:  | March 25, 2014 |
    NESTLÉ USA, INC.,                           | Time:  | 9:00 |
27                                              | Place: | Courtroom 5, 4th Floor |
            Defendant.                          | Judge: | Hon. Paul S. Grewal |
28

AMENDED CASE MANAGEMENT STATEMENT AND SCHEDULING ORDER
PAGE 1

| | |
|---|---|
| 1  MARIANNA BELLI, individually and on behalf of all others similarly situated,<br>2<br>3        Plaintiffs,<br>4  v.<br>5  NESTLÉ USA, INC.,<br>6        Defendant. | Case No. 14-cv-00286 (PSG)<br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND CASE SCHEDULING ORDER**<br><br>Date:    March 25, 2014<br>Time:   9:00<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| 9  JENNA COFFEY, individually and on behalf of all others similarly situated,<br>10<br>11       Plaintiff,<br>12  v.<br>13  NESTLÉ USA, INC.,<br>14       Defendant. | Case No. 14-cv-00288 (PSG)<br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND CASE SCHEDULING ORDER**<br><br>Date:    March 25, 2014<br>Time:   9:00<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

AMENDED CASE MANAGEMENT STATEMENT AND SCHEDULING ORDER
PAGE 2

Plaintiffs, Judge Trazo, Marianna Belli, and Jenna Coffey, and Defendant Nestlé USA, Inc. ("Defendant" or "Nestlé") hereby jointly submit this Case Management Statement and Scheduling Order for the following related cases:

*Trazo v. Nestlé USA, Inc.*, No. 12-cv-02272 (PSG) ("*Trazo*")

*Belli v. Nestlé USA, Inc.*, No. CV 14-00283 (PSG) ("*Belli I*")

*Belli v. Nestlé USA, Inc.*, No. CV 14-00286 (PSG) ("*Belli II*")

*Coffey v. Nestlé USA, Inc.*, No. CV 14-00288 (PSG) ("*Coffey*")

## I. JURISDICTION AND SERVICE

### A. Plaintiffs' Position

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in each of the proposed classes in each case; (2) members of the proposed classes have a different citizenship from Defendant; and (3) the claims of the proposed members of each of the proposed classes exceed $5,000,000 in the aggregate.

Defendant has accepted service of process in all four cases.

### B. Defendant's Position

Except for any possible subsequent revelations, Defendant agrees that the Court has subject matter jurisdiction and that defendant has accepted service of process in all four cases.

## II. FACTS

### A. Plaintiffs' Position

Pursuant to this Court's order regarding severance (*Trazo*, Dkt. #90), on January 17, 2014, Plaintiffs filed a Third Amended Complaint in *Trazo* and three new complaints in *Belli I*, *Belli II* and *Coffey*. Defendant has not yet responded to the complaints and the parties have agreed that a response schedule will be set as part of this scheduling proceeding.

Plaintiffs allege in each case that Defendant manufactures, distributes and sells misbranded food products. If a manufacturer makes a claim on a packaged food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled. As described in the Complaints, Defendant has made, and continues to

make, false and deceptive claims in violation of federal and California laws that govern the types of representations that can be made on food labels.  These laws recognize that reasonable consumers are likely to choose products claiming to have a health or nutritional benefit over otherwise similar food products that do not claim such benefits.

Each of the four cases now pertains to a specific product and flavors or variations of that product.  The products are as follows: *Trazo* - Coffee-mate Powder; *Belli I* - Eskimo Pie; *Belli II* – Fruit Bars; *Coffey* – Juicy Juice.

### B.     Defendant's Position

Plaintiffs have alleged violations of state (California's Sherman Food, Drug and Cosmetic Law) and federal (U.S. Food, Drug and Cosmetic Act) labeling laws – laws for which no private right of action exists.  To get into court, Plaintiffs use California consumer protection laws as delivery devices for alleged violations of the Sherman Law and FDCA.  Plaintiffs' allegations fail on two threshold and dispositive grounds.  First, Plaintiffs fail to allege violations of labeling law.  They simply get it wrong, underscoring the wisdom of leaving labeling law issues to the government regulators responsible for interpretation and enforcement of the labeling laws.  Second, Plaintiffs fail to allege false advertising – *i.e.*, a labeling statement that was false and was material to the purchase decision, and a buyer whose reasonable expectations in the product were frustrated and who was damaged as a result.  Allegations of mere violation of technical labeling laws are not a substitute for the required allegations of deception, reliance, causation, and damages.

On a procedural note, the four cases – which separately challenge the labels of Coffee-mate Powder, Eskimo Pie, Fruit Bars and Juicy Juice – have been separated out because they relate to separate products and separate misbranding theories.  Though Defendant understands there are some efficiencies to be gained by some coordination of the separate cases (including, for example, having all four case assigned to the same Judge), the cases should be treated separately for the same reason that the Court ordered their severance.

## III. LEGAL ISSUES

The following legal issues are genuinely in dispute: (1) whether Plaintiffs have standing, (2) whether Plaintiffs have stated claims for relief under California law, (3) whether Plaintiffs' claims are preempted or should be dismissed in favor of the primary jurisdiction of FDA, (4) whether class certification is proper in each case, and (5) whether Defendant has made any false or deceptive claims.

The parties agree that other legal issues may arise and failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist. The parties also reserve the right to identify additional legal issues as discovery progresses.

## IV. MOTIONS

Defendant plans on filing motions to dismiss each of the four complaints and, for any surviving claims, motions for summary judgment.

Plaintiffs will file motions for class certification in each case.

## V. AMENDMENT OF PLEADINGS

Plaintiffs would like to amend these complaints to add a claim for breach of implied warranty.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred regarding appropriate evidence preservation. Plaintiffs and Defendant acknowledge their responsibilities to preserve potentially relevant evidence, including electronically stored information, and agree as follows:

Defendant and Plaintiffs have represented that steps have been taken to preserve evidence relevant to the litigations. Plaintiffs have retained relevant documents and evidence in their possession, custody, or control.

The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence. The parties will meet and confer regarding the scope and nature of electronic discovery in the cases as required by and consistent

with applicable law, the local rules and the discovery served in the cases.  If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

## VII.   INITIAL DISCLOSURES

### A.   <u>Plaintiffs' Position</u>

The parties have agreed that, at the appropriate time and pursuant to Rule 26(a)(1)(A) and (B), they will identify all witnesses and produce all documents, electronically stored information, and tangible things that are in their possession, custody, or control, that they may use to support their respective claims or defenses, consistent with the Complaints as pleaded.  Plaintiffs' position is that the parties should begin discovery immediately and should start with providing initial disclosures on or before April 1, 2014 (*see* case schedule below in Section XVIII).

### B.   <u>Defendant's Position</u>

Defendant's position – consistent with the manner in which these cases have proceeded to date – is that initial disclosures in any of the four cases should wait until after Plaintiffs have operative, viable complaints that have survived pleading attacks.  This protocol has proven to be exactly right thus far.  The case has gone from a single complaint challenging a single product (Coffee-mate Powder) under a single misbranding theory, to an amended complaint challenging an open-ended list of Defendant's entire product portfolio and alleging nine distinct misbranding theories, to now four separate complaints, four specific products, and four misbranding theories.  Given the many material changes in the action, any disclosures that would have taken place as to any of the prior complaints would have proven a waste of time and resources.  There is every reason to believe that additional changes to the scope of the four actions will occur at the pleading stage, including the possibility of one, some or all actions being dismissed or reduced in scope.

It is entirely appropriate to defer initial disclosures until the pleadings are settled and the cases are at issue.  *Kane v. Chobani, Inc*., 2013 WL5529723, at *1 (N.D. Cal. July 25, 2013) (maintaining stay of discovery and initial disclosures and declining to enter case management schedule while motion to dismiss remained pending); *Simpson v. California Pizza Kitchen, Inc*.,

No. 13cv164 (S.D. Cal. April 9, 2013), Dkt. #19 (no Rule 26(f) meeting, meaning no initial disclosures and no discovery, until after defendant has answered).

**VIII.   DISCOVERY**

   **A.   Scheduling and Scope of Discovery**

      **1.   Plaintiffs' Position**

No discovery has taken place in these cases.  *See* Plaintiffs' proposed case and discovery schedule, Section XVIII.

Plaintiffs intend to seek discovery directed to, among other things, Defendant's packaged food labeling, market research including its consumer surveys, sales, marketing, distribution, profits, policies, practices, procedures, communications, regulatory actions and any expert opinions provided by Defendant's experts.

      **2.   Defendant's Position**

Defendant's position – consistent with the manner in which these cases have proceeded to date – is that discovery in any of the four cases should wait until after Plaintiffs have operative, viable complaints that have survived pleading attacks.  This protocol has proven to be exactly right thus far.  The case has gone from a single complaint challenging a single product (Coffee-mate Powder) under a single misbranding theory, to an amended complaint challenging an open-ended list of Defendant's entire product portfolio and alleging nine distinct misbranding theories, to now four separate complaints, four specific products, and four misbranding theories.  Given the many material changes in the action, any discovery that would have occurred on any of the prior complaints would have proven obsolete and a waste of time and resources.  There is every reason to believe that additional changes to the scope of the four actions will occur at the pleading stage, including the possibility of one, some or all actions being dismissed or reduced in scope.

Significantly, Plaintiffs have previously agreed with this position.  *See Trazo v. Nestlé USA, Inc.*, No. 12cv2272 (C.D. Cal. March 26, 2013) (Dkt. #51, at p. 3, lines 18-23).  That agreement was entirely in line with a long line of cases recognizing that discovery should wait until the pleadings are set, including decisions in analogous putative class actions.  *Kane v.*

*Chobani, Inc.*, No. C-12-02425 (N.D. Cal. July 25, 2013) (Dkt. #143 at 54:17-24) (In action, now dismissed, where disclosures and discovery never went forward, Court determined that it does not "makes sense to set a case schedule.  You know, we have to settle on what's exactly going to be in the pleadings in this case and these other issues."); *Kane v. Chobani, Inc*., 2013 WL5529723, at *1 (N.D. Cal. July 25, 2013) (maintaining stay of discovery and initial disclosures and declining to enter case management schedule while motion to dismiss pending); *Ivie v. Kraft Foods Global, Inc., et al.,* No. C-12-02554-RMW (N.D. Cal. Feb. 8, 2013) (Dkt. #48) ("The Court vacated the CMC that was set for today until the pleadings are resolved."); *Kosta v. Del Monte Corp*., No. C-12-1722-YGR (N.D. Cal. Feb. 25, 2013) (Dkt. #84) ("In light of the pending motions, the Court will not yet open discovery."); *Samet v. Procter & Gamble Co*., No. C-12-1891-PSG (N.D. Cal. March 19, 2013) (Dkt. #76) ("The court defers setting case schedule pending ruling on motions to dismiss . . . Discovery is stayed."); *Rosen v. Unilever United States Inc*., No. 09-2563 (N.D. Cal. April 22, 2010) (Dkt.# 55); *Red v. Unilever United States Inc*., No. 10-387 (N.D. Cal. April 22, 2010) (Dkt. #60); *Chacanaca v. The Quaker Oats Company*, No. C 10-502 (N.D. Cal. May 14, 2010) (Dkt. #21); *Yumul v. Smart Balance, Inc*.,  No. CV 10-927 (C.D. Cal. May 17, 2010) (Dkt.#18); *Bahn v. Nestlé USA, Inc*., No. CV 10-1022 (C.D. Cal. June 15, 2010) (Dkt.#24); *Red v. Kroger Co*., No. CV 10-1025 (C.D. Cal. June 28, 2010) (Dkt. #38); *see also, e.g., Coss v. Playtex Products LLC*, 2009 WL 1455358 (N.D. Ill May 21, 2009); *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Syverson v. Int'l Bus. Machs. Corp*., 2007 WL 2904252, at *6 (Oct. 3, 2007 N.D. Cal.); *APL Co. Pte Ltd. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006).

### B.     <u>Electronic Discovery</u>

The parties intend to seek discovery of electronically stored information ("ESI") and the parties agree to work together to agree on the terms, including the format, under which ESI is produced.  The parties will continue to discuss whether and to what extent any steps may be necessary to ensure the production of ESI.  The parties will meet and confer regarding the scope and nature of ESI in this case as required by and consistent with applicable law, the local rules

and the discovery served in the cases. If the parties are unable to reach an understanding on ESI, the disputed matter will be submitted to the Court for a formal order.

## IX. CLASS ACTION

### A. <u>Plaintiffs' Position</u>

Pursuant to Civil L.R. 16-9(b), any party seeking to maintain a case as a class action must include in the case management statement the following additional information:

**1. The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action:**

This action is maintainable as a class action under Rule 23, paragraphs (a), (b)(2) and (b)(3).

**2. A Description of the Class or Classes in Whose Behalf the Action is Brought:**

The four classes are described in the complaints as follows:

*Trazo*:

All persons in the United States since May 4, 2008 who purchased Nestlé Coffee Mate with labels that state "0g Trans Fat."

*Belli I*:

All persons in the United States since May 4, 2008 who purchased Eskimo Pie Dark Chocolate with labels that state "No Sugar Added."

*Belli II*:

All persons in the United States since May 4, 2008 who purchased Dreyer's and Edy's brand fruit bars with labels that state "All Natural" but contain beet juice extract (color), turmetic color, ascorbic acid, and/or citric acid.

*Coffey*:

All persons in the United States since May 4, 2008 who purchased Juicy Juice with labels that state "All Natural" and "No Sugar Added."

**3. Facts Showing that Plaintiff is Entitled to Maintain the Action under Fed. R. Civ. P. 23(a) and (b):**

The members of the classes are so numerous that joinder of all members is impractical, if not impossible. Plaintiffs believe that the total number of class members for each case is likely to be at least thousands of individuals. Plaintiffs' claims are typical of those of the classes because

Plaintiffs, like each member of the classes, purchased Defendant's misbranded food products that contain either the same misleading language or which all lack the required language on their packaging.

Plaintiffs are adequate representatives of each class because Plaintiffs' claims are typical of those of the classes, and Plaintiffs have the same interests in the litigation of this case as the other members of the classes.

Plaintiffs are committed to vigorous prosecution of these cases, and have retained competent counsel, experienced in litigating large, complex class actions.  Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the classes as a whole.  Plaintiffs anticipate no management difficulties in this litigation.

A class may be certified and maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted on grounds generally applicable to the classes by selling misbranded food products using the same labels and advertising to Plaintiffs and the classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the classes as a whole.

In addition, a classes may be also be certified under Federal Rule of Civil Procedure 23(b)(3).  Each member of the classes have been damaged and are entitled to recovery as a result of Defendant's common, uniform, and unfair practices of selling misbranded products to Plaintiffs and the classes.  There are questions of law and fact common to each class that predominate over any questions affecting only individual members of the classes, including without limitation, all of the following:

    a.    Whether the food products in these four cases are misbranded under the Sherman Law;

    b.    Whether Defendant violated the Sherman Law;

    c.    Whether Defendant made unlawful and/or misleading claims with respect to the particular food products in these cases sold to consumers;

    d.    Whether Defendant engaged in unlawful and misleading, unfair or deceptive business practices by failing to properly package and label its food products sold to consumers;

    e.    Whether Defendant violated California Bus. & Prof. Code § 17200 *et seq.*, California Bus. & Prof. Code § 17500 *et seq.*, the Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.*, and the Sherman Law;

    f.    Whether Plaintiffs and the classes are entitled to equitable and/or injunctive relief; and

    g.    Whether Defendant's unlawful and misleading, unfair and/or deceptive practices harmed Plaintiffs and the classes.

**4.   A Proposed Date for the Court to Consider whether the Case can be Maintained as a Class Action:**

See proposed case schedule, Section XVIII.

### B.   <u>Defendant's Position</u>

Any discussion of class certification and related scheduling issues is premature until after plaintiffs have operative, viable complaints that have survived motions to dismiss and/or motions to strike. Nonetheless, Plaintiffs' class allegations are flawed for many reasons, including, as detailed in Defendant's motion to strike Plaintiffs' class allegations and the Court's Order (*Trazo*, Dkt. #74) granting same.

## X.   RELATED CASES

These four cases have been related. The parties are unaware of any cases pending in this Court, or other courts or administrative bodies, that allege the same or similar claims against Defendant that Plaintiffs allege here.

## XI.   RELIEF

In each case, Plaintiffs seek: (a) an order certifying this case as a class action and appointing Plaintiff and his or her counsel to represent the Class; (b) an order awarding, as appropriate, damages, restitution or disgorgement to Plaintiff and the Class; (c) an order requiring Defendant to immediately cease and desist from selling their misbranded food products listed in violation of law; enjoining Defendant from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Defendant to engage in corrective action; (d) all equitable remedies available pursuant to Cal. Civ. Code § 1780; (e) an order awarding attorneys' fees and costs; (f) an order awarding punitive damage; (g) an order awarding pre-and post-judgment interest; and (h) an order providing such further relief as this

Court deems proper.

## XII. SETTLEMENT AND ADR

The parties have agreed upon the use of mediator Richard Keenan in the *Trazo* action and the Court has so ordered.  The parties have conducted telephone conferences with the mediator. The parties request that mediator Keenan be assigned as mediator for all four cases and that the parties be ordered to conduct mediation in the four cases with 30 days of the Court's ruling on the last class certification proceedings in the four cases.

## XIII. CONSENT TO MAGISTRATE JUDGE

These parties consent to Magistrate Judge Grewal for all four cases.

## XIV. OTHER REFERENCES

The parties respectfully submit that is it premature to consider references to special masters.

## XV. EXPEDITED PROCEDURES

The parties are not aware at this time of any need for expedited procedures.

## XVI. TRIAL

The parties respectfully submit that it is premature to consider decisions regarding the date and length of trial.  The parties believe a trial date for each of the cases should be set following decisions on the anticipated motions to dismiss and motions for class certification.

## XVII. INTERESTED PARTIES

The interested parties in this matter are the parties.

## XVIII. SCHEDULE

### A. <u>Plaintiffs' Position</u>

| Item | Date | Case(s) |
| --- | --- | --- |
| Amended Pleadings due | April 8, 2014 | All cases |
| Discovery (fact and expert) opens | April 15, 2014 | All cases |
| Initial Disclosures must be served | April 15, 2014 | All cases |
| Discovery (fact and expert) closes | November 16, 2015 | All cases |

| | | |
|---|---|---|
| Rolling Document Production Must Be Finished | March 16, 2015 | All cases |
| Privilege Log(s) Must be Served | 60 days following service of document requests | All cases |
| Defendant's Motion to Dismiss | June 16, 2014<br>June 23, 2014<br>June 30, 2014<br>July 7, 2014 | *Trazo*<br>*Belli I*<br>*Belli II*<br>*Coffey* |
| Plaintiff's Opposition to Motion to Dismiss | July 21, 2014<br>July 28, 2014<br>August 4, 2014<br>August 11, 2014 | *Trazo*<br>*Belli I*<br>*Belli II*<br>*Coffey* |
| Defendant's Reply Brief in Response to Opposition to Motion to Dismiss | August 25, 2014 | All cases |
| Plaintiff's Motion for Class Certification | March 30, 2015<br>April 6, 2015<br>April 13, 2015<br>April 20, 2015 | *Trazo*<br>*Belli I*<br>*Belli II*<br>*Coffey* |
| Defendant's Opposition to Motion for Class Certification | April 30, 2015<br>May 7, 2015<br>May 14, 2015<br>May 21, 2015 | *Trazo*<br>*Belli I*<br>*Belli II*<br>*Coffey* |
| Plaintiff's Reply Brief to Defendant's Opposition to Motion for Class Certification | June 4, 2015 | All cases |
| Hearing on Motions for Class Certification | June 18, 2015 | All cases |
| Opening Expert Reports | September 2, 2015 | All cases |
| Rebuttal Expert Reports | October 2, 2015 | All cases |
| Dispositive Motions | November 2, 2015 | All cases |
| Oppositions to Dispositive Motions | January 29, 2016 | All cases |
| Replies to Oppositions to Dispositive Motions | February 29, 2016 | All cases |

**B.     Defendant's Position**

Except for the dates to respond to the complaints and the related briefing schedules, which Defendant agrees with, a general scheduling order is premature until after plaintiffs have


operative, viable complaints that have survived motions to dismiss and/or motions to strike in each of the cases.

Respectfully submitted,

| Dated:  March 24, 2014 | CHARLES BARRETT, P.C.<br><br>by:      */s/ Charles Barrett*<br>          Charles Barrett<br>Attorneys for Plaintiffs<br>6518 Highway 100, Suite 210<br>Nashville, TN 37205 |
|---|---|
| Dated:  March 24, 2014 | MAYER BROWN LLP<br>   Carmine R. Zarlenga<br>   Dale J. Giali<br><br>by:      */s/ Carmine R. Zarlenga*<br>          Carmine R. Zarlenga<br>Attorneys for Defendant<br>NESTLE USA, INC.<br>1999 K Street, N.W.<br>Washington, DC  20006-1101 |