1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JUDE TRAZO, et al., | ) | Case No. 5:12-cv-02272-PSG |
| Plaintiffs, | ) ) | **ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | ) ) | |
| NESTLÉ USA, INC., | ) ) | **(Re: Docket No. 115)** |
| Defendant. | ) ) ) | |

Earlier in this case, the court dismissed Plaintiff Jude Trazo's claim for restitution/unjust enrichment.[1]  After observing that the California and other federal courts have divided on the viability of such a claim under California law, the court sided with the doubters.  The court specifically held that "[g]iven that Plaintiffs' quasi-contract theory rests on the same allegations already covered by their other claims, which also provide for restitution as a remedy, the claim is 'merely duplicative of statutory or tort claims' and  must be dismissed."[2]

Earlier this month, the Ninth Circuit held otherwise.  In *Astiana v. Hain Celestial Group.* The appellate court reversed the trial court's dismissal of the plaintiff's unjust enrichment claim.[3]

---

[1] *See* Docket No. 74 at 20-21.

[2] *Id.* at 21 (citations omitted).

[3] *See* Case No. 12-17596, 2015 WL 1600205, at *7 (9th Cir. Apr. 10, 2015).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Ninth Circuit explained in no uncertain terms that "[t]o the extent the district court concluded that the cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal."[4]

Whatever this court's own views may be, it fully appreciates that whenever the appellate courts say jump, the only remaining question is how high. And so it appears here. Plaintiff's motion for leave to file a motion for reconsideration is GRANTED. No later than April 30, 2015, each party may file a brief of up to five pages on the specific issue of whether *Astiana* requires that Plaintiff be allowed to pursue a duplicative claim for unjust enrichment. No hearing shall be held. **SO ORDERED.**

Dated: April 24, 2015

PAUL S. GREWAL
United States Magistrate Judge

_____

[4] *Id.*

2

Case No. 5:12-cv-02272-PSG
ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION