UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUDE TRAZO,<br><br>            Plaintiff,<br>   v.<br><br>NESTLÉ USA, INC.,<br><br>            Defendant. | Case No. 5:12-cv-02272-PSG<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 119)** |

Plaintiff Jude Trazo, individually and on behalf of similarly situated Plaintiffs, moves for reconsideration of his unjust enrichment/quasi-contract claim. Because the Ninth Circuit recently decided that the duplicative nature of an unjust enrichment/quasi-contract claim is not a valid reason to dismiss it, the court GRANTS Trazo's motion.[1]

**I.**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration."[2]

---

[1] *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762-63 (9th Cir. 2015).

[2] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

1
Case No. 5:12-cv-02272-PSG
ORDER GRANTING MOTION FOR RECONSIDERATION

In August 2013, the court dismissed Plaintiffs' claim for restitution based on unjust enrichment/quasi-contract.[3] The court specifically held that because "Plaintiffs' quasi-contract theory rests on the same allegations already covered by their other claims, which also provide for restitution as a remedy, the claim is 'merely duplicative of statutory or tort claims' and must be dismissed."[4]

Trazo requests reconsideration on the grounds that *Astiana* "requires that [he] be allowed to pursue a claim for unjust enrichment."[5]

**II.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[6]

As a preliminary matter, while Nestlé may be right that Trazo was dilatory in bringing this motion, its contention that Trazo "relinquished and waived" his unjust enrichment claim is insufficient.[7] This court has broad discretion to reconsider and revise its prior orders.[8]

Nestlé also argues that Trazo's motion should be denied because "the 'unjust enrichment' claim [he is] trying to assert is not for restitution" but only for nonrestitutionary disgorgement[9]—an entirely new claim. Since *Astiana* denied dismissal of a claim for restitution but did not discuss

---

[3] To be precise, the court dismissed the seventh cause of action in Plaintiffs' amended complaint. *See* Docket No. 74 at 20-21; Docket No. 30 at ¶¶ 266-69. The third amended complaint is currently the operative complaint in this suit. *See* Docket No. 93. Following dismissal, the court granted Plaintiffs' motion to sever, fragmenting the case into four individual cases. *See* Docket No. 90. These include the instant case and three related cases: *Belli v. Nestlé USA, Inc.*, Case No. 5:14-cv-00283-PSG; *Belli v. Nestlé USA, Inc.*, 5:14-cv-00286-PSG and *Coffey v. Nestlé USA, Inc.*, 5:14-cv-00288-PSG. In January 2015, the court terminated *Belli*, Case No. 5:14-cv-00283-PSG. *See Belli*, Case No. 5:14-cv-00283-PSG, Docket No. 31.

[4] Docket No. 74 at 21 (citations omitted).

[5] Docket No. 119 at iv, 1.

[6] *See* Docket Nos. 27, 31, 106.

[7] Docket No. 120 at 3.

[8] *See* Fed. R. Civ. P. 54(b).

[9] Docket No. 120 at 2.

2
Case No. 5:12-cv-02272-PSG
ORDER GRANTING MOTION FOR RECONSIDERATION

nonrestitutionary disgorgement, Nestlé asserts that the Ninth Circuit's decision is "entirely beside the point of what [Trazo] seek[s] in [his] motion[] for reconsideration."[10] Nestlé's argument is unfounded. Trazo explicitly requests reconsideration of his original unjust enrichment/quasi-contract claim before he discusses nonrestitutionary disgorgement as a remedy.[11] Trazo's claim for restitution is appropriately before the court in a request for reconsideration.

### III.

The Ninth Circuit's decision in *Astiana* is "an intervening change in controlling law" and therefore presents a valid basis for reconsideration.[12]

*First*, *Astiana* settled the long-standing question of whether a court may dismiss a claim for unjust enrichment as merely duplicative of other statutory or tort claims.[13] *Astiana* involved a putative class action suit in which Plaintiffs alleged that Defendant falsely labeled its cosmetic products as "All Natural."[14] Plaintiffs claimed that such false labeling deceived customers into buying those products and unjustly enriched Defendant as a result.[15] The complaint sought damages under California's Unfair Competition Law and False Advertising Law and under a quasi-contract theory.[16] Before the class-certification stage, the district court dismissed the quasi-contract claim, "concluding that restitution '[was] not a standalone cause of action in California and [that the claim was] nonsensical as pled in any event.'"[17] The Ninth Circuit agreed that unjust enrichment did not constitute a standalone cause of action in California.[18] However, it confirmed that "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a

---

[10] *Id.* at 3.

[11] *See* Docket No. 119 at 1:2-12.

[12] *Sch. Dist. No. 1J*, 5 F.3d at 1263; *see also* Civ. L.R. 7-9(b)(2).

[13] *See Astiana*, 783 F.3d at 762-63.

[14] *Id.* at 756.

[15] *See id.*

[16] *See id.*

[17] *Id.* at 762.

[18] *See id.*

quasi-contract claim seeking restitution.'"[19]  Accordingly, the court found that Plaintiffs' allegations were "sufficient to state a quasi-contract cause of action."[20]  The court then held that "[t]o the extent the district court concluded that the [claim] was nonsensical because it was duplicative of or superfluous to [Plaintiffs'] other claims, this [was] not grounds for dismissal."[21]

The unambiguous holding in *Astiana* requires this court to side with Trazo and reinstate his claim for restitution based on unjust enrichment/quasi-contract.[22]  Trazo's amended complaint alleged that "Defendant sold Misbranded Food Products to Plaintiffs" and that "[a]s a result of Defendant's fraudulent and misleading labeling . . . Defendant was enriched at the expense of Plaintiffs and the class."[23]  This allegation is sufficient to state a quasi-contract cause of action.  "That the claim may be duplicative of Plaintiff's statutory claims under the UCL, FAL, and [California Consumer Legal Remedies Act] is not a proper ground for dismissal at this stage of the litigation, particularly as Plaintiff seeks to represent a nationwide class on [his] claim for quasi-contract."[24]

***Second***, Nestlé's reliance on *Lanovaz v. Twinings North America*[25] to support its opposition is misplaced because the facts and posture of that case are distinguishable to those here.  In *Lanovaz*, Plaintiff also sought reconsideration of her unjust enrichment claim, which had been dismissed as "duplicative of her consumer protection claims" under the UCL, FAL and CLRA.[26]  But Lanovaz filed her motion for reconsideration after the court had "denied certification of a

---

[19] *Id.* (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).

[20] *Id.*

[21] *Id.* at 762-63 (citing Fed. R. Civ. P. 8(d)(2)).

[22] *See* Docket No. 30 at ¶¶ 266-69.

[23] *Id.*

[24] *Romero v. Flowers Bakeries, LLC*, Case No. 5:14-cv-05189-BLF, 2015 WL 2125004, at *9, n.3 (N.D. Cal. May 6, 2015).

[25] *See* Case No. 5:12-cv-02646-RMW, 2015 WL 3627015 (N.D. Cal. June 10, 2015).

[26] *Id.* at *1.

damages class based upon [her] consumer protection claims."[27]  Lanovaz's motion for reconsideration further sought damages in the form of restitutionary disgorgement, a remedy also available under her UCL claim.[28]  Yet, Lanovaz had not pursued this remedy in her prior motion for class certification (which, as mentioned above, was ultimately denied).[29]  The court thus determined that Lanovaz's use of the unjust enrichment claim was an improper "vehicle for belatedly obtaining a second bite at class certification."[30]  In other words, Lanovaz "could have sought certification of a damages class equivalent to a damages class based upon an unjust enrichment claim" but chose not to do so.[31]  She therefore could not "seek class certification of a damages class under an unjust enrichment claim in light of the court's prior Certification Order."[32]  "[T]o the extent [the] dismissal was in error in light of *Astiana*, [it] did not limit the remedies plaintiff could have sought at the class certification stage."[33]  The court essentially denied the motion by reason of harmless error.[34]

This is not the case here.  Trazo has not yet presented the court with a motion for class certification.[35]  Reinstating Trazo's quasi-contract claim will not give him another bite at obtaining class certification or otherwise unreasonably prejudice Nestlé in any way.

---

[27] *Id.* at *9.

[28] *See id.* at *4.

[29] *See id.* at *2.

[30] *Id.*

[31] *Id.* at *9.

[32] *Id.*

[33] *Id.*

[34] *See id*; Fed. R. Civ. P. 61.

[35] Nestlé argues that the reason for Trazo's motion for reconsideration is "to reverse the unanimous string of defeats [his] attorneys have suffered when trying to certify a class requiring the quantification of money damages flowing from the challenged labeling statement."  Docket No. 120 at 2:24-28. However, this "string of defeats" does not refer to any action in this case or in any of the related cases.  *See id.* at 1 n.1.  In *Lanovaz*, the court had previously denied certification to the same Plaintiff seeking reconsideration.  *See Lanovaz*, 2015 WL 3627015 at *3.  This is not the case here.  Prior defeats suffered by Trazo's attorneys in unrelated cases have no bearing on the immediate motion.

***Third***, to be clear, the court reinstates Trazo's claim for restitution based on unjust enrichment/quasi-contract as pled in the amended complaint,[36] but does not grant Trazo leave to seek damages in the form of nonrestitutionary disgorgement.

Trazo may not seek damages in the form of nonrestitutionary disgorgement for two reasons. First, "[a] motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[37] Trazo's amended complaint did not discuss nonrestitutionary disgorgement as a remedy for quasi-contract, and the two cases on which Trazo primarily relies to support his argument for nonrestitutionary disgorgement summarize precedent that predated the court's August 2013 dismissal of Trazo's quasi-contract claim.[38] As such, Trazo could have reasonably raised an argument for nonrestitutionary disgorgement earlier in this litigation, but chose not to do so. He cannot use a motion for reconsideration to raise that argument now.

Second, nonrestitutionary disgorgement is not the appropriate remedy for a quasi-contract claim based on alleged mislabeling of a consumer product.[39] Trazo cites a number of cases to support his argument that he can pursue nonrestitutionary disgorgement under a quasi-contract theory. But none of those cases address that remedy in the context of a product mislabeling

---

[36] *See* Docket No. 30 at ¶¶ 266-69.

[37] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[38] *See* Docket No. 30 at ¶¶ 266-69; *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1482-84 (2014); *Meister v. Mensinger*, 230 Cal. App. 4th 381, 396-99 (2014).

[39] *See Brazil v. Dole Packaged Foods, LLC*, Case No. 5:12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014) (citing *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 694 (2006)) (finding that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received"); *Ivie v. Kraft Foods Glob., Inc.*, Case No. 5:12-cv-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (concluding that "restitutionary damages [in a mislabeling case should] be the price premium attributable to the offending labels, and no more"); *Rahman v. Mott's LLP*, Case No. 3:13-cv-03482-SI, 2014 WL 6815779, at *8 (N.D. Cal. Dec. 3, 2014) (determining the appropriate amount of restitution under a quasi-contract claim "will likely involve demonstrating what portion of the sale price was attributable to the value consumers placed on the" allegedly misleading labels).

claim.[40] The nonrestitutionary disgorgement remedy which Trazo seeks would require Nestlé "to surrender . . . all profits earned as a result of [the alleged] unfair business practice regardless of whether those profits represent money taken directly from persons who were victims of the unfair practice."[41] Yet, Trazo's amended complaint specifically sought restitution, "a remedy whose purpose is 'to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.'"[42] "The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received," not the full purchase price or all profits.[43] "There is no reason to go beyond the price premium, and doing so would result in a windfall to plaintiff."[44]

---

[40] *See Astiana*, 783 F.3d at 762-63 (discussing restitution as a remedy for a quasi-contract claim alleging consumer product mislabeling); *Am. Master Lease LLC*, 225 Cal. App. 4th at 1482-84 (holding that both restitutionary and nonrestitutionary "[d]isgorgement based on unjust enrichment [are] appropriate remed[ies] for aiding and abetting a breach of fiduciary duty"); *Meister*, 230 Cal. App. 4th at 396-99 (discussing disgorgement as a remedy available for breach of a fiduciary duty); *In re Verduzco*, Case No. D064532, 2015 Cal. App. Unpub. LEXIS 829, at *40 (Cal. App. 4th Feb. 5, 2015) (same); *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1784-89 (1993) (discussing remedies of a quasi-contract claim for trespass).

Even the recent decision Trazo filed with the court contradicts his argument for nonrestitutionary disgorgement. *See* Docket No. 122; *Khasin v. R.C. Bigelow, Inc.*, Case No. 3:12-cv-02204-WHO, 2015 WL 4104868, at *3 (N.D. Cal. July 7, 2015). In *Khasin*, the court had previously dismissed Plaintiff's claim for "disgorgement based upon unjust enrichment" because unjust enrichment was "not an independent legal claim." *Khasin*, 2015 WL 4104868 at *1 (internal quotations omitted). Plaintiff's complaint alleged that "Plaintiff and the Class paid a *premium* for the Misbranded Food Products and . . . it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiff and the Class of all monies paid to Defendant for the products at issue." *Id.* at *3 (internal quotations omitted) (emphasis added). In light of *Astiana*, the court held that "these unjust enrichment allegations [were] sufficient to state 'a quasi-contract claim seeking *restitution*.'" *Id.* (emphasis added). The court did not discuss nonrestitutionary disgorgement as a potential remedy. *See generally id.*

[41] *See* Docket 119 at 2-3; *Kor. Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145 (2003) (internal citations and quotations omitted).

[42] *See* Docket No. 30 at 49; *Brazil*, 2014 WL 5794873, at *5 (citing *Kor. Supply Co.*, 29 Cal. 4th at 1149). *Astiana* also discussed restitution as the remedy for a product mislabeling claim. The Ninth Circuit referred to the remedy for the quasi-contract claim as the "return of [a] benefit" previously held by the plaintiff that was "unjustly conferred" on the defendant. *Astiana*, 783 F.3d at 762.

[43] *Brazil*, 2014 WL 5794873, at *5; *see also Ivie*, 2015 WL 183910, at *2; *Rahman*, 2014 WL 6815779, at *8.

[44] *Ivie*, 2015 WL 183910 at *2.

7
Case No. 5:12-cv-02272-PSG
ORDER GRANTING MOTION FOR RECONSIDERATION

**IV.**

Trazo's motion for reconsideration is GRANTED. As discussed above, Trazo may amend his complaint to include a claim for restitution based on unjust enrichment/quasi-contract, but may not include a claim for damages in the form of nonrestitutionary disgorgement.

**SO ORDERED.**

Dated: July 10, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge